[Cite as *State v. Dennis*, 2020-Ohio-2861.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-19-032

     Appellee                               Trial Court No. 2017 CR 0428

v.

Justin D. Dennis                                 **DECISION AND JUDGMENT**

     Appellant                              Decided:  May 8, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 23, 2019 judgment of the Erie County Court

of Common Pleas, sentencing appellant to a total term of incarceration of four years

following appellant's guilty pleas to two counts of operating a motor vehicle while under

the influence of alcohol, in violation of R.C. 4511.19, both offenses being felonies of the

fourth degree, as enhanced based upon appellant's six prior OVI convictions.

{¶ 2} Although the plea bargain discussions included a proposed provision for unopposed judicial release into a residential treatment program after a period of 60 days, this term was expressly contingent upon appellant committing no bond violations.

{¶ 3} Subsequent to the change of plea hearing, appellant committed numerous bond violations, in direct contravention of the above-described conditional plea provision. Therefore, the provision regarding unopposed early release was nullified by the intervening bond violations and not incorporated into appellant's sentence, just as the trial court had forewarned appellant would occur upon bond violations.

{¶ 4} We note that while appellee contends that a portion of this appeal should not be considered based upon procedural considerations, we shall resolve this matter fully on the substantive merits. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 5} Appellant, Justin D. Dennis, sets forth the following sole assignment of error:

> IT WAS ERROR FOR THE TRIAL COURT TO BECOME INVOLVED IN GUARANTEEING THE PLEA BARGAIN PROCESS AND THEN VACATING SAME ON A MOTION FILED BY THE STATE WITH NO HEARING HELD ON THE MOTION TO REVOKE BOND AND THE GROUNDS FOR TERMINATING THE PLEA BARGAIN WERE INSUFFICIENT.

2.

{¶ 6} The following undisputed facts are relevant to this appeal. On August 13, 2017, appellant was clocked on radar by an Ohio State Highway patrolman travelling 60 m.p.h. in a 35 m.p.h. zone. Upon initiating a traffic stop, the officer detected numerous indicia of alcohol intoxication. Appellant, who possesses numerous past OVI convictions, exhibited a strong odor of alcohol, glossy eyes, and slurred speech. Appellant failed the field sobriety tests and refused BAC testing. In addition, appellant lacked a valid operator's license as he was under suspension for a prior OVI offense at the time of this incident.

{¶ 7} Subsequently, on April 13, 2018, appellant was again stopped by an Ohio State Highway patrolman, following observation of a marked lanes violation. Appellant was again found to be operating a motor vehicle while under the influence of alcohol and a license suspension. Appellant failed field sobriety testing and refused BAC testing.

{¶ 8} On March 8, 2019, appellant entered into a comprehensive plea agreement in which appellant pled guilty to two counts of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19, both counts being felonies of the fourth degree due to appellant's six OVI prior convictions. In exchange, a repeat offender specification was dismissed.

{¶ 9} At the March 8, 2019 change of plea hearing, the trial court unequivocally conveyed to appellant in relevant part, "*As part of this plea agreement, if you violate your bond, then the agreement as to judicial release is off the table*, and you will be doing the four years without judicial release." (Emphasis added).

3.

{¶ 10} The record reflects that subsequent to the plea hearing, in contravention of the above-quoted agreement, appellant committed multiple bond violations. Specifically, appellant disconnected his house arrest monitoring device, left his home numerous times in the middle of the night without notifying or receiving authorization from probation personnel, refused to cooperate in the presentence investigation, failed to report to probation, refused to answer his door when probation personnel were dispatched to follow-up on these breaches, provided an invalid phone number to probation, and failed to respond to any of the communications from the probation department needed to monitor bond compliance and prepare the presentence report.

{¶ 11} Given these violations, and in accordance with the conditions conveyed to appellant at the change of plea colloquy, appellant was sentenced to a four-year term of incarceration without the proposed sentencing term of judicial early release. This appeal ensued.

{¶ 12} In the sole assignment of error, appellant maintains that the trial court erred in declining to include the conditional plea bargain term of unopposed judicial early release. We do not concur.

{¶ 13} It is well-established that pursuant to R.C. 2953.08(G)(2), an appellate court may increase, decrease, modify, or vacate a disputed trial court felony sentence if it is demonstrated by clear and convincing evidence that either the record of evidence did not support applicable statutory findings or is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

4.

{¶ 14} In support of this appeal, appellant mistakenly characterizes the trial court as having unconditionally "guaranteed" adherence to all proposed plea bargain terms upon final sentencing. The record clearly refutes this contention.

{¶ 15} On the contrary, the record shows that appellant's intervening bond violations necessitated the trial court's decision to not include unopposed judicial early release at appellant's sentencing hearing.

{¶ 16} The record shows that appellant was duly advised of the consequences of bond violations at the change of plea hearing. At the March 8, 2019 change of plea hearing, the trial court expressly cautioned appellant that, "If you violate your bond, then the agreement as to judicial release is off the table, and you will be doing the four years."

{¶ 17} The record further shows that following this hearing, appellant committed the numerous above-described infractions and bond violations.

{¶ 18} The record reflects that appellant possesses a lengthy criminal history, including in excess of 80 prior offenses, including 6 prior OVI offenses, as well as a range of other offenses, including heroin trafficking, receiving stolen property, aggravated burglary, and felonious assault.

{¶ 19} On April 23, 2019, appellant was sentenced. The trial court was presented with uncontroverted evidence of appellant's many bond violations occurring after the March 8, 2019 change of plea hearing.

{¶ 20} In response to the above-described considerable aggravating circumstances, appellant's statement in mitigation unconvincingly conveyed that, "It was really hard for

5.

me, sometimes I was sleeping and with the thing, the [home monitoring] box thing * * * I didn't unplug it. Like I knew I had a warrant * * * Like you want to punish me like. I['m] going through enough punishment right now."

{¶ 21} The trial court was not persuaded and concluded in relevant part, "[M]y information is that you were not complying with the terms of house arrest. You were not checking in on bond. You did not provide a valid number * * * You had unauthorized leaves in the middle of the night."

{¶ 22} Accordingly, appellant was sentenced to a four-year term of incarceration without unopposed judicial early release, as appellant had been forewarned would occur at the change of plea hearing.

{¶ 23} It is well-established that trial courts are not strictly bound by plea bargain terms proposed by the parties, and intervening circumstances may warrant final sentencing deviation from proposed plea bargain term. As conveyed in *State v Bonnell*, 12th Dist. Clermont No. CA-12-094, 2002-Ohio-5882, ¶ 20, "We recognize that there are instances in which a trial court intends to sentence a defendant in one manner and circumstances or facts arise which make the promised sentence inappropriate."

{¶ 24} The *Bonnell* scenario is what occurred in the instant case. The trial court hoped to sentence appellant with terms including unopposed judicial early release, but cautioned appellant that it could not do so if appellant violated bond terms. Nevertheless, appellant violated numerous bond terms, such that unopposed judicial early release was no longer warranted or proper for sentencing purposes.

6.

**{¶ 25}** We find that appellant has failed to establish that the trial court acted improperly in sentencing appellant in connection to plea bargain considerations. Appellant has also failed to demonstrate by clear and convincing evidence that the record of evidence did not support applicable statutory findings, or was otherwise contrary to law. We find appellant's assignment of error not well-taken.

**{¶ 26}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.